CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 21 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 5:09cr00028-3 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| LYLE DENNIS HAGER, III | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

This is a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, by Lyle Dennis Hager, III, a federal inmate proceeding *pro se*, claiming that he is actually innocent of the armed career criminal enhancement that the court applied at sentencing. The court finds that the statute of limitations otherwise has run; that there is no ground for equitable tolling; and that, timely or not, the motion lacks merit. Accordingly, the court denies the motion.

I.

Hager pled guilty pursuant to a plea agreement to conspiring to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). The presentence report noted that among Hager's many convictions were three Virginia convictions that resulted in his classification as an armed career criminal under 18 U.S.C. § 924(e) (the "ACCA") and United States Sentencing Guideline § 4B1.4(a). Under the ACCA, a defendant who violates § 922(g) after sustaining three prior convictions for violent felonies or serious drug offenses is classified as an armed career criminal. See 18 U.S.C. § 924(e)(1). A "violent felony" is a crime punishable by more than one year imprisonment that "has as an element the use, attempted use, or threatened use of physical force against" another person, § 924(e)(2)(B)(i), or "is burglary,

arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another," § 924(e)(2)(B)(ii).

According to the presentence report, Hager had three ACCA predicate convictions. The first was a burglary conviction in the Circuit Court of the City of Waynesboro, Virginia, on April 2, 1997. Hager pled guilty to an indictment alleging that he "enter[ed] in the nighttime the dwelling house of another with the intent to commit larceny," in violation of Virginia Code § 18.2-91. The Circuit Court sentenced Hager to five years' imprisonment but suspended that sentence and placed him on probation. The second conviction was in the Circuit Court of Augusta County on October 13, 1998, for possessing methamphetamine with intent to distribute, in violation of Virginia Code § 18.2-248. The Circuit Court sentenced Hager to five years but suspended two years and six months of that sentence. The third was a conviction in the Circuit Court of the City of Waynesboro on June 5, 1998, for two counts of methamphetamine distribution. That court sentenced Hager to two years and two months on each count, to run concurrently, and five years of probation.

The presentence report for Hager's federal offenses calculated Hager's total offense level to be thirty-one and his criminal history to be VI, producing a guideline range of 188 to 235 months. The report also noted a five-year mandatory minimum for the methamphetamine conspiracy, a fifteen-year mandatory minimum for the § 922(g) firearm offense (because of Hager's status as an armed career criminal), and a mandatory minimum consecutive sentence of five years for the § 924(c) violation. Hager objected to the report's assertion that he qualified for the armed career criminal enhancement. At sentencing on December 23, 2010, the court concluded that the enhancement applied, overruled Hager's objections, and imposed the
2

mandatory minimum sentence of 180 months for the § 922(g) offense, 180 months concurrent for the drug conspiracy, and the sixty months mandatory consecutive sentence for the § 924(c) offense, for a total sentence of 240 months' imprisonment.

Hager did not appeal. Instead, on August 17, 2012, Hager filed his current § 2255 motion by mailing it to the court on that date. According to Hager, he is actually innocent of being an armed career criminal because at least one of the convictions on which the court relied as a predicate conviction for his armed career criminal designation did not qualify as predicate conviction since he "never was incarcerated for [that conviction]." Hager also claims that his breaking and entering conviction failed to qualify because "violence is not necessarily [a] hallmark of breaking and entering." (ECF No. 183, 3). After reviewing Hager's motion, the court notified Hager that it appeared to be untimely and gave him the opportunity to respond.

## II.

There is a one-year statute limitations that applies to the filing of a § 2255 motion. 28 U.S.C. § 2255(f). Hager argues that he filed his § 2255 motion within that one-year statute. The defendant must bring his § 2255 motion within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court, if that legal predicate has been made retroactively applicable to cases on collateral review or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255(f). Here, Hager claims that his motion is timely under § 2255(f)(3) because he brought it within a year of the date that the legal predicate for the motion was initially recognized

3

by the Supreme Court and made retroactively applicable to cases on collateral review. However, the recent precedent Hager relies on fails to lend any support to Hager's underlying substantive claim (which is meritless) that the state convictions the court found to be predicate convictions under the ACCA do not qualify as predicate convictions.[1] Consequently, that precedent cannot restart the one-year limitations period prescribed by § 2255(f).

Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010) held that the question of whether a prior conviction is an "aggravated felony" as used in the Immigration and Nationality Act must be resolved by looking at the offense for which the defendant was actually convicted, not the offense for which he could have been convicted in view of his conduct. Hager argues that he filed his current motion within one year of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), which applied Carachuri to invalidate a sentence enhanced under the Controlled Substances Act based on a prior conviction punished under North Carolina's structured sentencing scheme. Before the Fourth Circuit's en banc decision in Simmons, United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) held that "to determine whether a conviction is for a crime punishable by a prison term exceeding one year" under North Carolina law, a court should consider "the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history," and not the maximum sentence that could be imposed on the actual defendant being sentenced. Harp, 406 F.3d at 246–47 (emphasis in original). In Simmons, a panel decision reaffirmed the continuing vitality of the court's reasoning in Harp. However, the court granted a rehearing en banc and on August 19, 2011, relying on Carachuri, held that whether a

---

[1] Hager has not alleged grounds for the timeliness of his motion under §§ 2255(f)(1), (2) or (4). The court, nevertheless, considers sua sponte the timeliness of his petition under § 2255(f)(1). For purposes of the one-year limitations period under § 2255(f)(1), a defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). Hager's conviction became final on April 8, 2010, when his time to file an appeal expired, and he had until April 8, 2011 to file a timely § 2255 motion. However, Hager did not file his federal habeas motion until August 17, 2012, approximately 497 days after his time to file a timely § 2255 motion passed.

4

particular offense under North Carolina law was a "felony" must focus on the maximum sentence for which a particular defendant was eligible, in light of *his* criminal history and the nature of his offense, rather than the maximum sentence that could have been imposed on a hypothetical defendant with the worst possible criminal record. Simmons, 649 F.3d at 241–47.

Here, Hager claims that one of his prior state convictions does not qualify as a predicate felony conviction under the ACCA because the state court did not sentence him to prison on that conviction. Clearly, there is nothing in Simmons (or Carachuri) that lends support to Hager's argument. To the contrary, "[p]ursuant to Simmons, in evaluating whether a defendant's prior state conviction qualifies as a felony under the ACCA, the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment." United States v. Thompson, 2012 WL 1592991 (4th Cir. May 8, 2012). Here, there is nothing hypothetical about the sentences Hager faced in state court in Virginia. Each predicate state conviction was a felony under Virginia law subject to more than one year imprisonment. Nor is Simmons even remotely relevant to Hager's claim that his statutory burglary conviction fails to qualify as a predicate offense because burglary does not necessarily involve violence. Indeed, the ACCA itself defines burglary as a "violent felony," 18 U.S.C. § 924(e)(1)(B)(ii), and the Supreme Court held in 1990 that "a person has been convicted of burglary . . . if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). Because Simmons (and the Supreme Court precedent on which it was based) recognizes no legal right relevant here, the

one-year statute of limitations runs from the date Hager's conviction became final, and it has expired.[2]

Accordingly, Hager's motion is time-barred unless he demonstrates grounds for equitable tolling. On that front, he argues that Simmons "reinterpreted [Carachuri] to an extent that requires application of equitable tolling." (ECF No. 183, 2). But a change in irrelevant precedent surely is no ground for equitable tolling. Consequently, the court finds that the statute of limitations otherwise has run; that there is no ground for equitable tolling; and that, timely or not, the motion lacks merit.

### III.

For the reasons stated, Hager's § 2255 motion is untimely and, even if it were timely, would lack merit.[3] Accordingly, the court denies the motion.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and the accompanying Order to Hager.

**ENTER:** September 21, 2012.

UNITED STATES DISTRICT JUDGE

---

[2] Even if Simmons were relevant to Hager's claims, it is Fourth Circuit precedent, not Supreme Court precedent; the underlying Supreme Court precedent (the principle initially recognized by the Supreme Court) predates Hager's motion by nearly two years; and Hager's argument is essentially the same argument the Court of Appeals rejected in United States v. Powell, No. 11-6152, 2012 WL 3553630 (4th Cir. Aug. 20, 2012). Powell argued that his motion was timely because he had filed his motion within a year of Carachuri, which Powell argued recognized a new right that was made retroactively applicable to cases on collateral review. The Court of Appeals rejected Powell's argument and instead held that "Carachuri is a procedural rule . . . *not* retroactively applicable to cases on collateral review." Powell, 2012 WL 3553650, at *5 (emphasis added).

[3] The court also notes that Hager does not suggest that he did not actually commit the predicate offenses that were used to enhance his sentence. "Rather, he makes the legal argument that his conviction should not have been classified as a 'violent felony' under the ACCA. This argument, even after [Maybeck v. United States, 23 F.3d 888 (4th Cir. 1994)], is not cognizable as a claim of actual innocence." United States v. Pettiford, 612 F.3d 270 (4th Cir. 2010) (footnote call number omitted). Furthermore, by failing to challenge the predicate offenses on direct appeal, Hager procedurally defaulted his claim that the district court improperly enhanced his sentence under the ACCA. Id. at 284–85.