CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 15 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 5:09-cr-28-3 |
| v. ) | |
| ) | |
| LYLE DENNIS HAGER, III, ) | |
| ) | By: Michael F. Urbanski |
| Petitioner. ) | United States District Judge |

### MEMORANDUM OPINION

Petitioner Lyle Dennis Hager, III, brings this petition pursuant to 28 U.S.C. § 2255, asking the court to vacate, set aside, or correct his sentence in light of the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). ECF No. 204. The government has moved to dismiss Hager's § 2255 motion. ECF No. 212. For the reasons that follow, the court will **GRANT** Hagers's § 2255 motion and **DENY** the United States' motion to dismiss.

I.

On January 5, 2010, Hager pleaded guilty to three counts of a superseding indictment: (1) drug conspiracy in violation of 21 U.S.C. § 846; (2) possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).

Prior to sentencing the United States Probation Department prepared a Presentence Investigation Report ("PSR"). The PSR recommended that Hager be considered an armed career criminal and receive an enhanced sentence under the Armed Career Criminal Act

("ACCA"), 18 U.S.C. § 924(e), based on four prior convictions: (1) Virginia breaking and entering (1997); (2) possession with intent to distribute methamphetamine (1998); and (3) distribution of methamphetamine (two counts) (1998). PSR ¶¶ 38, 41, and 42, ECF No. 149. Hagar objected to his ACCA enhancement, arguing that his Virginia burglary conviction should not count as a predicate offense and that his two counts for distribution of methamphetamine should count as only one predicate. Id. at Addendum. The probation officer responded that Hagar's prior convictions were properly classified as ACCA predicates and that another of his prior convictions, Virginia feloniously eluding police (2003), also supported his armed career criminal designation. Id.

The court overruled Hager's objections to his ACCA enhancement, adopted the PSR without change, and sentenced Hager to 180 months' incarceration for his drug conspiracy and § 922(g) offenses and a consecutive 60 months' incarceration for his § 924(c) offense. Judgment at 2, ECF No. 141.

In accordance with Standing Rule 15-5, the court appointed the Federal Public Defender's Office to represent Hager with regard to any claim for relief that he might have under § 2255 following the Johnson decision. Hager had previously filed a § 2255 motion, but the United States Court of Appeals for the Fourth Circuit granted him permission to file a second or subsequent motion. ECF No. 203. Subsequently, defense counsel filed a § 2255 motion alleging that Johnson invalidated Hagar's ACCA enhanced sentence because his Virginia burglary and elude arrest convictions no longer qualify as violent felonies and his two drug distribution convictions count as one predicate. § 2255 Mot. at 1, ECF No. 204; Supp. § 2255 Mot. at 1, ECF No. 223.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Hager bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

## III.

### A. The ACCA Enhanced Sentence Structure

Hager challenges the viability of the predicate offenses used to support his status as an armed career criminal. Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants convicted of a § 922(g) charge have three or more prior convictions for "serious drug offenses" or "violent felonies," that were "committed on occasions different from one another," they qualify as armed career criminals under the ACCA. Armed career criminals face an increased punishment: a statutory mandatory minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In Johnson, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. at 2563. The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that —

3

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court reviewed the second part of subsection (ii) of the violent felony definition. It concluded that the clause, known as the "residual clause," which provides, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court did not, however, strike down the other portions of the violent felony definition, which include subsection (i), known as the "force clause," and the first part of subsection (ii), delineating specific crimes, known as the "enumerated crimes clause." Johnson, 135 S. Ct. at 2563 (noting that other than the residual clause, the Court's holding "d[id] not call into question . . . the remainder of the [ACCA's] definition of a violent felony"). Therefore, following Johnson, prior convictions that qualified as "violent felonies" under the residual clause can no longer serve as ACCA predicates. The Supreme Court's decision in Johnson announced a new rule of constitutional law that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016).

## B. Predicate Offenses and the ACCA

Hager's predicate offenses of Virginia burglary and felony elude arrest no longer

4

support his status as an armed career criminal.[1] The Fourth Circuit has concluded that the Virginia burglary statute does not qualify as generic burglary under the enumerated crimes clause of the ACCA and cannot qualify as a violent felony under the residual clause of the ACCA following Johnson. See Castendet-Lewis v. Sessions, 855 F.3d 253, 261 (4th Cir. 2017) (concluding that the Virginia burglary statute is not divisible into a generic burglary crime); United States v. Hadsell, No. 16-4767, 2017 WL 2772133, *2 (4th Cir. June 26, 2017) (vacating and remanding a defendant's sentence because a prior Virginia burglary conviction had been used to support an enhanced ACCA sentence and noting that a "Virginia statutory burglary conviction does not qualify as the ACCA-enumerated offense of 'burglary'").

In addition, the government conceded that a felony elude arrest conviction could qualify as a violent felony only under the now-unconstitutional residual clause. Resp. at 1, ECF No. 212. Accordingly, that conviction does not support an enhanced ACCA sentence.

Finally, Hager has only two prior convictions for serious drug offenses. 18 U.S.C. § 924(e)(1). The government has "withdrawn its claim that Hager has three qualifying drug trafficking predicates" because it recognized that no evidence had been presented at sentencing that Hager's two counts of distribution of methamphetamine occurred on occasions different from one another, as required by 18 U.S.C. § 924(e)(1). Supp. Resp. at 2, ECF No. 226. Therefore, Hager has only two predicate convictions that could be used to

---

[1] The government makes numerous procedural arguments in support of dismissal, including a claim that Hager's § 2255 petition is untimely and procedurally defaulted. The Fourth Circuit, however, has rejected similar arguments with regard to § 2255 petitions raising Johnson claims. See United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017) (rejecting an argument that a § 2255 petition was untimely when the petitioner argued that his sentence "may have been predicated on the now-void residual clause" and other "various related procedural arguments"). Accordingly, the court will reach the merits of Hager's petition.

5

support an ACCA enhanced sentence, not the requisite three, and is entitled to be resentenced.

## IV.

Hager no longer qualifies as an armed career criminal and is entitled to resentencing. Therefore, the court will grant Hager's motion to vacate and deny the government's motion to dismiss. An appropriate order will be entered this day.

Entered: 09/14/2017

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge